No. 25-30128

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

DEEP SOUTH TODAY, *doing business as* VERITE NEWS; GANNETT COMPANY, INCORPORATED; GRAY LOCAL MEDIA, INCORPORATED; NEXSTAR MEDIA, INCORPORATED; SCRIPPS MEDIA, INCORPORATED; TEGNA, INCORPORATED

*Plaintiffs-Appellees/Cross-Appellants*,

*v.*

LIZ MURRILL, *in her official capacity as* ATTORNEY GENERAL OF LOUISIANA; ROBERT P. HODGES, *in his official capacity as* SUPERINTENDENT OF THE LOUISIANA STATE POLICE; HILLAR C. MOORE, *in his official capacity as* DISTRICT ATTORNEY OF EAST BATON ROUGE PARISH,

*Defendants-Appellants/Cross-Appellees.*

On Appeal from the United States District Court for the
Middle District of Louisiana
Case No. 3:24-cv-00623 (Hon. John deGravelles)

**PLAINTIFFS-APPELLEES' MOTION FOR MODIFIED BRIEFING**

Plaintiffs-Appellees/Cross-Appellants ("Plaintiffs") respectfully move for modified briefing in the above-captioned case and state as follows:

1. This case concerns the constitutionality of La. Rev. Stat. § 14:109(A) (the "Act"), which makes it a criminal offense to "knowingly or intentionally approach within twenty-five feet of a peace officer who is lawfully engaged in the execution of his official duties after the peace officer has ordered the person to stop approaching or to retreat."

2. On July 31, 2024, Plaintiffs brought suit for declaratory and injunctive relief on the basis that the Act violates the First and Fourteenth Amendments, both on its face and as applied to Plaintiffs' peaceful, nonobstructive efforts to gather news within 25 feet of peace officers.

3. On September 13, 2024, Plaintiffs sought a preliminary injunction barring Defendants-Appellants/Cross-Appellees ("Defendants") from enforcing the Act against them pending disposition of their claims.

4. On October 15, 2024, Defendants filed a consolidated motion to dismiss and opposition to Plaintiffs' request for a preliminary injunction.

5. On January 31, 2025, the District Court issued a consolidated Order granting the preliminary injunction, denying Defendants' motion to dismiss in part, and granting the motion to dismiss in part. *See* Opinion & Order, *Deep South Today, d/b/a Verite News, et al. v. Murrill, et al.*, No. 24-623-JWD-SDJ (ECF No. 43). In particular, the Order granted the preliminary injunction on the basis that the Act was unconstitutionally vague in violation of the Fourteenth Amendment. The Order denied Defendants' motion to dismiss as to Plaintiffs' as-applied First Amendment claim and Plaintiffs' Fourteenth Amendment claim; it granted Defendants' motion to dismiss, in part, as to Plaintiffs' facial First Amendment claim.

6. On March 3, 2025, Defendants filed a notice of appeal.

7. On March 17, 2025, Plaintiffs filed a protective cross-appeal from the portion of the District Court's order that dismissed their facial First Amendment claim. *See Casas v. Am. Airlines, Inc.*, 304 F.3d 517, 520 & n.3 (5th Cir. 2002) (cross-appeal proper where appealable order granting injunctive relief also dismissed a claim); *Art Midwest Inc. v. Atl. Ltd. P'ship XII*, 742 F.3d 206, 212 (5th Cir. 2014) (failure to file "protective" cross-

appeal from partially adverse ruling may prejudice ability to raise the claim "on a second appeal following remand" (internal citation omitted)).

8. At the same time, Plaintiffs are conscious that cross-appeals can "complicate briefing schedules and the number and length of the briefs in ways that may generate more confusion than enlightenment." *Domain Prot., L.L.C. v. Sea Wasp, L.L.C.*, 23 F.4th 529, 539 (5th Cir. 2022) (internal citation and alteration omitted).

9. Plaintiffs respectfully submit that the issues raised by their appeal from the dismissal of their facial First Amendment claim are sufficiently closely related to the issues raised by Defendants' own appeal from the preliminary-injunction order that the expanded briefing rules of Fed. R. App. P. 28.1 governing cross-appeals are unnecessary here.

10. Plaintiffs therefore propose that briefing in this matter be governed by the ordinary schedule of Fed. R. App. P. 31(a) and the ordinary length limitations of Fed. R. App. P. 32(a)(7).

11. In particular, Plaintiffs propose that:

a. Defendants file a Principal Brief as Appellants/Cross-Appellees within 40 days of the issuance of a briefing notice, containing no more than 13,000 words in compliance with the length limitations of Fed. R. App. 32(a)(7);

b. Plaintiffs file a Consolidated Principal and Response Brief as Appellees/Cross-Appellants within 30 days of service of Defendants' Principal Brief, containing no more than 13,000 words in compliance with the length limitations of Fed. R. App. 32(a)(7);

c. Defendants file a Consolidated Response and Reply Brief within 21 days of service of Plaintiffs' Principal Brief, containing no more than 6,500 words in compliance with the length limitations of Fed. R. App. 32(a)(7).

12. Plaintiffs submit that their proposal ensures all arguments relevant to the Act's constitutionality are before the Court while promoting the interests of judicial economy.

13. Counsel for Defendants has stated that Defendants take no position on this motion.

Dated: April 3, 2025

Respectfully submitted,

*/s/ Grayson Clary*
Grayson Clary
REPORTERS COMMITTEE FOR
 FREEDOM OF THE PRESS
1156 15th Street NW, Suite 1020
Washington, DC 20005
Phone: 202.795.9300
Fax: 202.795.9310
gclary@rcfp.org

Scott L. Sternberg
La. Bar No. 33390
M. Suzanne Montero
La. Bar No. 21361
STERNBERG NACCARI & WHITE LLC
935 Gravier Street, Suite 2020
New Orleans, LA 70112
Phone: 504.324.1887
Fax: .504.534.8961
scott@snw.law | suzy@snw.law

*Attorneys for Plaintiffs Deep South Today, d/b/a Verite News, Gannett Co., Inc., Gray Local Media, Inc., Nexstar Media, Inc., Scripps Media Inc., and TEGNA Inc.*

Katie Townsend
GIBSON, DUNN & CRUTCHER LLP

333 South Grand Avenue
Los Angeles, CA 90071
Phone: 213.229.7839
KTownsend@gibsondunn.com

*Attorney for Plaintiff Deep South Today*,
d/b/a *Verite News*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 3, 2025, I electronically filed the foregoing with the Clerk of the Court by using the appellate CM/ECF system and that counsel for the parties will be served through that system.

*/s/ Grayson Clary*
Grayson Clary

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(g), I hereby certify that this motion complies with the requirements of Fed. R. App. P. 27(d)(1)(E) because it has been prepared in size 14-point Palatino Linotype, a proportionally spaced font, and that it complies with the type-volume limitations of Fed. R. App. P. 27(d)(2)(A), because it contains 662 words.

*/s/ Grayson Clary*
Grayson Clary