

STATE OF LOUISIANA
DEPARTMENT OF JUSTICE
OFFICE OF THE ATTORNEY GENERAL
P.O. BOX 94005
BATON ROUGE, LA
70804–9005

LIZ MURRILL
ATTORNEY GENERAL

February 25, 2026

**VIA ECF**
Lyle W. Cayce
Clerk of Court
United States Court of Appeals, Fifth Circuit
F. Edward Hebert Building
600 S. Maestri Place
New Orleans, Louisiana 70130-3408

**Re:  *Deep South Today, et al. v. Murrill, et al.*, No. 25-30128**

Dear Mr. Cayce:

Pursuant to Rule 28(j), Defendant-Appellants submit this letter to inform the Court of this Court's recent decision in *La Union del Pueblo Entero v. Abbott*, No. 24-50783, 2026 WL 391215 (5th Cir. Feb. 12, 2026). In that case, as in this one, plaintiffs challenged a state statute as both "impermissibly vague under the Due Process Clause" and as "an impermissible content-based restriction ... under the First Amendment." *Id.* at *2. In reversing the district court's injunction and finding that its analyses were flawed, the Court emphasized several points relevant here.

*One*, the Court held that plaintiffs' facial First Amendment and vagueness challenges "suffered from the infirmities attendant to largely hypothetical facial challenges" made against a state statute. *Id.* at *4. Specifically, the Court emphasized that a facial challenge "cannot be supported by mere speculation" nor "go beyond the statute's facial requirements and speculate about 'hypothetical' or 'imaginary' cases." *Id.* at *3 (citation omitted). In short: "Shoddy hypothetical analysis is not what our federalist system requires." *Id.*

*Two*, the Court stressed the high burden plaintiffs bringing a vagueness challenge face, emphasizing that "'courts must indulge a presumption of constitutionality and carefully examine a statute before

1



STATE OF LOUISIANA
DEPARTMENT OF JUSTICE
OFFICE OF THE ATTORNEY GENERAL
P.O. BOX 94005
BATON ROUGE, LA
70804-9005

LIZ MURRILL
ATTORNEY GENERAL

finding it unconstitutional,' even when considering 'extremely broad' criminal statutes that carry 'harsh' penalties. *Id.* at *4 (citation omitted). After engaging in a strict textual analysis of the actual words used in the challenged statute, *id.* at *5–7, the Court noted that the district court was "required to accept" the more narrow, constitutional interpretation that the State provided for its own law. *Id.* at *7. Lastly, the Court explained that a *mens rea* standard within a statute "may mitigate a law's vagueness," something the district court ignored. *Id.*

*Three*, in keeping with the Court's longstanding precedent on the issue, the Court held that the Attorney General was entitled to sovereign immunity, without that state official "tak[ing] some step to enforce" the challenged law. *Id.* at *11.

Word Count: 321

Respectfully,

/s/ *Caitlin Huettemann*
Zachary Faircloth
   Principal Deputy Solicitor
   General
Caitlin Huettemann
   Assistant Solicitor General

*Counsel for Defendant-Appellants*

cc:   All Counsel (via ECF)